GILLEYLEN ET AL. *v.* ISBEL.

[81 South. 161, Division B, No. 20628.]

EJECTMENT. *Title to support.*

> Under Code 1906, section 1801 (Hemingway's Code, section 1434) providing in what cases ejectment may be brought and under Code 1906, section 1959 (Hemingway's Code, section 1619) providing that certificates issued pursuant to an act of Congress shall vest legal title, where plaintiff held a certificate from the United States Land Office showing that he had entered the lands in controversy and also a certificate showing cancellation and surrender of a prior entry under which defendants claimed. In such case plaintiff had the right to bring ejectment for the land involved.

APPEAL from the circuit court of Monroe county.
HON. CLAUDE CLAYTON, Judge.

Suit in ejectment by James Isbel against H. S.
Gilleylen and others. From a judgment of plaintiff,
defendant appeals.

The facts are fully stated in the opinion of the court.

*Leftwitch & Tubb,* for appellant.

The circuit court has no jurisdiction to entertain a
suit based on a controversy between claimants to the
right of possession of Government homestead land be-
fore the issuance of patents. This is the point raised
by defendant's plea in abatement. This question has
been settled time and again by the state as well as by
the supreme court of the United States. Until a patent
issues, conflicting claims over Government land must
be settled by the United States land department and
not by the courts. Our court has directly so held in a
recent case. *Willoughby* v. *Gaston,* 111 Miss. 688;
*Brown* v. *Hitchcock,* 173 U. S. 473, 43 L. E. 772; *Forbes*
v. *Driscoll,* 31 N. W. 633.

In *Forbes* v. *Driscoll,* 31 N. W. (Dak.) 633, the court
holds: ''The courts have no jurisdiction of a contro-
versy to determine a preemption right until after patent
issues.'' It is not necessary that a contest be in fact
pending but the only question is whether the matter is
still within the jurisdiction of the land department. In
that case, the court said: ''Here the defendant alleged,
and offered to prove that a contest was then pending
before the local land office between the plaintiff, Forbes,
and defendant, Driscoll, for the same land, which offer
was rejected as immaterial. Perhaps as a mere matter
of fact, it was immaterial, for the mere fact as to
whether a contest was or was not pending was im-
material. The jurisdiction of the court depending, not
upon the fact of whether a contest was or was not

pending, but upon the fact of whether the jurisdiction of the department was or was not ended by the issue of the patent.''.

The case of *Forbes* v. *Driscoll, supra,* was brought before patent had issued by one claimant to Government land to eject another. The court reviews all the Federal decisions on the question and concludes by saying:

''It follows that the plaintiff seeking to recover possession of the entire quarter section of land, upon the ground that he had the better preemption right, in a court of law, was a proceeding without authority, and that no judgment so rendered would have any binding force upon the department, and would give no protection to the plaintiff, as against the future possession of the defendant, Driscoll.

A contrary view of the law would bring the courts and land offices into constant collision. A decision of the courts in advance would take from these officers the jurisdiction the law has given them to hear and determine all rights of preemption arising between different settlers. It would bring into the courts for decision all claims and contests before the department, and the absurd result would be reached as we are informed by briefs of counsel, has in fact resulted in this case, to wit: ''That the plaintiff, Forbes, has judgment in the district court of the territory awarding him the possession of the entire quarter section, while the defendant Driscoll, has the decision of the land department, entered since the trail of this case, awarding him the patent, and consequent right to possession of the same premises.''

''We have no doubt that the manifest intent of the statutes of the United States, as is so clearly expressed by the decisions of the supreme court, was to vest in the land department, an exclusive jurisdiction of all questions relating to the sale and disposition of the public lands up to the time of the issue of the patent.''

Defendants have their claim to the land in contro-
versy upon the purchase by H. S. Gilleylen of the in-
terest of one, W. S. Flippo, who had, at the time of the
sale, perfected his right under the homestead laws to a
patent.  Flippo was, at the time possessed, not of a
mere right, but all had been done necessary to pass
title from the United States to him except the mere
issuance of a patent to convey legal title and the deci-
sions are all in accord that the claim at that stage is
an equitable title, capable of alienation.  23 Cyc. 1080.)
But it is not necessary to go into the question of the
validity of the claim of defendant under this purchase,
for defendant is in possession under what is, at least,
at a glance, color of title.

In 32 Cyc. p. 1009, it is said:  Pending a contest in
the land department over the right to acquire certain
land, a claimant who is in possession under color of
right is entitled to retain possession as against the
adverse claimant.''  Color of right is defined to be ''that
which has the semblance or appearance of right, legal
or equitable, but which is in fact no right.''

It will be observed from the record that W. S. Flippo
bought the *locis quo* from Elbert Easter in 1901 and
borrowed the money to pay for it from Gilleylen, he and
Gilleylen were in absolute ignorance for years that the
government had any claim thereto. It was an old, settled
place, improved by buildings, and had been long oc-
cupied and cultivated (testimony of Gilleylen, Tr.,
pg. 56, and Flippo, tr. p. 29).  When Flippo found the
land had not been properly entered from the United
States government, though the records show it had long
before attempted to be entered, he was only attempting
to perfect his title and all his rights thereunder, he con-
veyed to Gilleylen in his deed of trust and those rights
were substantial and valuable.  The deed of trust was
of record, and Isbell admits that he knew of it, so that
Isbell acquired no rights whatever superior to Gilleylen
and his tenants.  In fact, he had never been entitled

himself to a patent, had not acquired the legal title, and the only authority capable of settling the question of the right of entry between Flippo, his assignees and Isbell, was the land office at Jackson, with right of appeal to the commissioner of the general land office, and from him to the secretary of the interior. Gilleylen foreclosed his deed of trust through the trustee and dispossessed Isbell by right of unlawful entry and detainer and thereby was lawfully in possession of the property. *Holloway* v. *Miller,* 84 Miss. 776; *Hooker* v. *McIntosh,* 76 Miss. 693. The facts in this case are well illustrated in the case, *supra,* of *Holloway* v. *Miller.* True that was a suit on a warranty deed, and Judge TRULY, in the opinion uses this language on page 780.

In the instant case appellee did acquire substantial rights by the conveyance from appellant. He acquired the use and ownership of the improvements on the land. More than this he obtained that possession which was indispensible to this entry of the land from the Government as a homestead. These were valuable rights vested in appellant and which he could legally transfer and convey to his vendee. *Hooker* v. *McIntosh,* 76 Miss. 693, 25 So. 866." J. F. Isbell has no right in a homestead entry to houses and barns and cleared fields and fences. These were notice to him of advance rights which he must recognize and respect.

It follows logically in the instant case that as W. S. Flippo obtained from Elbert Easter, by his warranty deed, substantial rights in the property, the right to a homestead entry on a small expenditure, these rights were from occupancy and user. The equitable owner of these rights was Gilleylen, who had paid the purchase money to Easter, and who had acquired from Flippo a conveyance with warranty of all of Flippo's rights under his deeds of trust, found at pages 49 and 52 of the record, the latter of which was legally foreclosed. Having acquired valuable rights in the premises and transferred them legally to Gilleylen, Flippo was es-

topped as to Gilleylen, as held in the case of *Holloway*
v. *Miller*, from releasing all these rights to his son-in-
law, Isbell, and allowing this stranger and intervenor to
come in and take the rights from Gilleylen for nothing,
and without raising a contest before the land depart-
ment, as was alone proper. For the reasons above, the
court erred in not sustaining the plea of abatement.

*M. C. Young*, for appellee.

The court below did not err in trying and deciding this
case on the merits as well as on the plea in abatement
because that was the agreement between the parties.
The whole case was set out in the declaration, plea in
abatement and answer and replication. All that there
was in the case was before the court and was fully
tried and determined. Plaintiff below introduced his
witnesses on the merits, damages, and use and occupa-
tion of the land in controversy, and judgment on the
whole case., was entered on the trial day, March 16,
1918. We hear no objection or exception to the pro-
ceedings for several days, when on March 21, 1917,
defendants, after having been beaten at their own game,
come back with motions for new trial and to transfer to
equity.

The plea in abatement properly had no place at all as
the only pleas in ejectment are not guilty and dis-
claimer, and the merits for want of plea was properly
before the court. Chapter of ejectment of Code 1906.
*Hutton* v. *Thornton*, 44 Miss. 166; *Bernard* v. *Elder*, 50
Miss. 336.

However, the plea in abatement and the answer
thereto fully set out and deraign the rights and claims,
of both sides as to the said lands as if not guilty had
been pleaded and deraignment of title and rights had
been filed. What right have defendants to complain.
The court decided the whole matter as presented to
him by agreement, as well as being contained in the
pleadings before him.

Defendants admit that their only claim to this land is through the entry of W. S. Flippo, made in Oct., 1914, and under which they claim in their plea in abatement. Flippo had never made final proof and obtained final certificate either by commutation or upon payment of the price or upon making three year proof. He entered the land only, and when W. S. Flippo filed his relinquishment on the 18th day of April, 1916, in the U. S. land office at Jackson, Miss., he had no other or further rights or interest in or to said land, and has no standing before any court or the U. S. land office, and all others claiming any title or right under or through his entry have no rights or standing before the court or U. S. land office. Mr. Flippo could not and did not attempt to incumber or alienate this land in any way after his entry of the same. H. S. Gilleylen could not collect any debt or other claim against said land. Sec. 2296 of U. S. Compiled Statutes. Secs. 2288 & 2291, U. S. Comp. Statutes; *Orell* v. *Manufacturing Co.,* 83 Miss. 800.

In fact the U. S. laws forbid any character of alienation of land entered as homestead until after final proof and certificate. Of course W. S. Flippo had the unquestioned right to relinquish his said entry without regard to his reason for same. Sec. 2291 of U. S. Compiled Statutes, page 1392.

There can be no strings tied to such an entry unless it be after completing the title by complying with the homestead law, and his having cut loose by relinquishment cuts all other claims under or through him, and they scatter to the winds. How could he or defendants or any of them complete a title to this land under the present conditions? The court will bear in mind that W. S. Flippo was in possession of the land till he surrendered it and then James F. Isbell took possession and entered it while in possession on April 18, 1916, and the U. S. land department had bestowed upon him all the rights of a preemptor, which gave him the right to bring his action of ejectment as he did and the U. S.

land office was not the proper place to contest his rights; the plea in abatement was not sufficient. Sec. 1959, of Miss. Code of 1906; *M. E. Camp Ground Assn.* v. *Brown,* 62 S. O. 276; *Hiawatha Lumber Co.* v. *Mc-Phearson,* 95 Miss. 589; *Case* v. *Edgeworth,* 87 Ala. 203, 5 So. 783; *Broussard* v. *Broussard,* 43 La. 921, 9 So. 910.

The case of *Forbes* v. *Driscoll,* 31 N. W. (Dak.) 633, in a contest between two pre-emptionists claiming the same land, both parties attempting to homestead the same land. The instant case is not in point, besides our own court has decided as to the right of an entry-man in the *M. E. Camp Ground Association* v. *Brown,* as cited above. The case of *Atherton* v. *Fowler,* 96 U. S. 520, was a case where one party was in possession and the other attempted to enter. Gilleylen and his other defendants never had possession in this case at any time before Isbell entered the land. The fact that this land was improped and had been occupied many years by the parties claiming it does not bring it within the provisions of the United Stated Compiled Statutes, section 2289, which says that unappropriated public lands may be entered. This statute does not say any unoccupied land. *Jackson* v. *Wilcox,* 2 Ill. 344-360.

This land had not been set apart or assigned to any particular use by the Government except by the entries made herein. The fact that there were fences, buildings, etc., on this place makes no difference. The rule *caveat emptor.*

The decision and judgment of the court was final, because if the plaintiff below takes issue on the plea in abatement and such issue is determined against the defendants below, he must abide the result as final. In the case of *Kendrick* v. *Watkins,* 54 Miss. 495. The court stated the rule when it said: "If the plaintiff takes issue on the plea in abatement and it is found in his favor he had judgment *quod recuperet,* because the defendant, having pleaded in abatement on an issuable fact which has been found against him, must take

the consequences." Sections 740, 741, 742 of Code 1906; *Rice* v. *Patterson*, 92 Miss. 666, 6 S. 255.

ETHRIDGE, J., delivered the opinion of the court.

The appellee, Isbell, filed suit in the circuit court of Monroe county in ejectment for the possession of certain lands and for use and occupation by the defendants.

The defendants filed a plea in abatement setting up that the defendant Gilleylen purchased said land on March 6, 1916, at the trustee's sale, said deed of trust being executed by one Flippo, who entered upon the said land under the homestead law of the United States and had perfected his right to a patent, but had not made application for the same, and that thereafter Flippo executed a deed of trust to the defendant Gilleylen and fraudulently conspired to defeat Gilleylen of his rights thereunder, attempted to cancel his entry at the land office of the United States at Jackson, Miss., and that the defendant Gilleylen is now in possession of the property and that the legal title to the land is still in the United States government, and that no patent had been issued to any one and that the United States land department has exclusive jurisdiction to determine all controversies relating to public land that may arise before the isuance of the patent.

The plaintiff, in reply to the plea in abatement, denied that the defendants were in the lawful possession of the land, and denied that Flippo was entitled to a patent when he gave said deed of trust, and alleged that he had never paid the purchase price nor received a final receipt, and alleged that Flippo had canceled and relinquished to the United States government all his rights and claims to the said land, and that the land office accepted the said surrender in cancellation of the said entry, and that thereafter the plaintiff made a *bona fide* entry of said lands as a homestead, and said entry was approved by the land office, and that the plaintiff had

entered into the lawful possession under the said entry, and had received certificates of entry from the United States, and that the defendant Gilleylen by force and other unlawful means unlawfully did oust and dispossess the plaintiff, and that the United States land office and department had fully acted, and that there is no other thing for the land office to do in the matter, and that the court has jurisdiction. It further alleged that the deed of trust held by Gilleylen was unlawful, and that the said trustee's sale was made at a time when Gilleylen had no rights in and to the said land, and that Gilleylen is not entitled to any homestead interest.

The case was tried before the judge without a jury, and the plaintiff introduced certificate of entry from the United States land office showing that he had entered the said lands, and also certificates showing the cancellation and surrender of the entry of Flippo prior to the entry of the plaintiff. The plaintiff also introduced evidence to sustain his claim for use and occupation. The trial judge found for the plaintiff and awarded one hundred and fifty dollars for use and occupation. The defendants introduced no evidence as to the value of the use and occupation of the land, but after the judgment was rendered filed a motion for a new trial, and also a motion to have the cause transferred to the chancery court. In the motion for a new trial they set up that the judgment for use and occupation was in excess of the value of the use of premises, and that the judgment was excessive. Motion for a new trial was overruled, and likewise the motion to transfer to the chancery court. From this judgment the defendants below appeal here.

It is insisted here that ejectment is not the proper remedy, and will not lie in this case, because the plaintiff did not have title. It is also insisted that the state court had no jurisdiction to award possession to the entrymen from the government of the United States, where he had not perfected his right to a patent. Sec-

tion 1801, Code of 1906, (section 1434, Hemingway's Code), reads as follows:

"The action of ejectment may be maintained in all cases where the plaintiff is legally entitled to the. possession of the land sued for and demanded."

This section appeared in the Code for the first time in the Code of 1892.

Section 1959, Code of 1906 (section 1619, Hemingway's Code), reads as follows:

"All certificates issued in pursuance of any act of Congress by any board of commissioners, register of any land office, or any other person authorized to issue such certificate, founded on any warrant, order of survey, entry, grant, confirmation, donation, pre-emption, or purchase from the United States of any land in this state, shall vest the full legal title to such land in the person to whom such certificate is granted, his heirs or assigns, so far as to enable the holder thereof to maintain an action thereon, and the same shall be received in evidence as such, saving the paramount rights of other persons."

We think these statutes give plaintiff right to maintain this suit. The judge had evidence to support his finding of the value of the use and occupation and the judgment is accordingly affirmed.

*Affirmed.*